1120487                                                                  0203-20039

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM THERIOT** <br><br> **Plaintiff** <br><br> **Versus** <br><br> **GREGORY J. STEPHENS, BP AMERICA INC., ACE AMERICAN INSURANCE COMPANY AND ALLSTATE INSURANCE COMPANY** <br><br> **Defendants** | **CIVIL ACTION NO.** <br><br> **SECTION ""** <br> **Judge** <br><br> **MAGISTRATE ( )** <br> **Magistrate Judge** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant, BP America Inc., hereby removes this matter from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1441(b) and 1446, for the following reasons:

1.

Plaintiff, Kim Theriot ("Plaintiff"), filed a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, on March 25, 2015, bearing docket no. 174247, entitled "*Kim Theriot versus Gregory J. Stephens, BP America, ACE American Ins. Co. and Allstate Insurance Company,*" alleging injuries which occurred on or

about April 1, 2014. The named defendants are BP America Inc., Gregory J. Stephens, ACE American Insurance Co., and Allstate Insurance Company.

2.

A copy of the Petition for Damages is attached as Exhibit "A". Exhibit "A" includes true and correct copies of all process, pleadings, and orders found as of this filing in the 32nd Judicial District Court record, as required by 28 U.S.C. § 1446(a).

3.

Plaintiff, Kim Theriot, is a resident of and domiciled in the Parish of Terrebonne, State of Louisiana.

4.

Defendant, Gregory J. Stephens, is now, and was at the time the Petition was filed, a resident of and domiciled in Lawrence County, Mississippi.

5.

Defendant, BP America, Inc. is, and was at the time the Petition was filed, a foreign corporation formed under the laws of the State of Delaware with its principle place of business in Texas. Therefore, BP America, Inc is a citizen of Delaware and Texas for the purposes of diversity jurisdiction.

6.

Defendant, Ace American Insurance Company, is, and was at the time the Petition was filed, a foreign insurer with its principle place of business in Pennsylvania. Therefore, Ace

American Insurance Company is a citizen of Pennsylvania for the purposes of diversity jurisdiction.

7.

Defendant, Allstate Insurance Company, is, and was at the time the Petition was filed, a foreign with its principle place of business in Illinois. Therefore, Allstate Insurance Company is a citizen of Illinois for the purposes of diversity jurisdiction.

8.

There is complete diversity of citizenship as the plaintiff is a Louisiana resident and domiciliary; defendant, Gregory J. Stephens is a Mississippi resident and domiciliary; BP America Inc. was formed under the laws of Delaware with its principal place of business in Texas; Ace American Insurance Company is a citizen of Pennsylvania; and Allstate Insurance Company is a citizen of Illinois.

9.

Diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

10.

The Defendants further show that the alleged amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, but deny an liability to plaintiff in any amount whatsoever.

11.

Although plaintiff does not plead a specified amount of damages, the amount in controversy requirement is satisfied from the face of the Petition due to the nature and extent of

the injuries and damages alleged by plaintiff. Plaintiff alleges that based on the "extensive treatment…following the collision at issue along with the future medical intervention her injuries will require and the discomfort and pain she will experience, her damages may exceed the limits of the policy maintained by BBP [sic] America, Inc. through Ace American Inc. Co." *See* Exhibit "A", ¶ 11.

12.

Plaintiff has not attached to her Petition a binding stipulation irrevocably waiving her right to recover damages in excess of any specified amount, or irrevocably waiving her right to amend her Petition to seek additional damages.

13.

Removal is proper under 28 U.S.C. § 1441(b). This suit involves a controversy over which the United States District Court for the Eastern District of Louisiana has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

14.

Each defendant has 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B) superseding *Getty Oil Corp. v. Insur. Co., et al.*, 841 F.2d 1254 (5th Cir. April 13, 1988); *Tilly v.Tisdale*, 2012 U.S. Dist. LEXIS 182087 (E.D. Tex. Dec. 27, 2012) (noting that the Fifth Circuit has now adopted the "Last-Served Defendant Rule").

15.

Gregory J. Stephen was served on April 4, 2015 and BP America Inc was served on April 6, 2015. Upon information and belief, Ace America Insurance Company was served on April 17, 2015, and Allstate Insurance Company was served on April 17, 2015.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b). *Crowley v. Amica Mutual Insur. Co., et al.*, 2012 U.S. Dist. LEXIS 127216 (E.D. La. Sept. 7, 2012).

16.

All defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. §1446(b)(2)(A). *Adams v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 165861 (W.D. La. Nov. 20, 2012) (noting that §1446(b)(2)(A) codified the rule of unanimity). Consent is to be a timely, written indication from each served defendant, or from some person purporting to act formally on the defendant's behalf and with the authority to do so, confirming that the defendant has actually consented to removal. *Tilly v. Tisdale*, 2012 U.S. Dist. LEXIS 182087 (E.D. Tex. Dec. 27, 2012) (emphasis added) citing *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002).

17.

Ace American Insurance Company and Allstate Insurance Company consent to the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(b). See Consents to Removal, attached as hereto *in globa* as Exhibit "B."

18.

Gregory J. Stephens is represented by undersigned counsel and consents to the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(b).

19.

By filing this Notice of Removal, BP America Inc. has appeared and does not waive, but hereby affirmatively asserts, any and all affirmative and/or defenses available and/or applicable to it, including those set forth under Louisiana and/or Federal Rules of Civil Procedure Rules 8 and 12.

20.

Pertinent information regarding the parties in this case, their counsel, and the State court are as follows:

a) Plaintiff is represented by:

Ms. Shannon R. Bourgeois
Frank G. DeSalvo, APLC
739 Baronne Street
New Orleans, LA 70113

b) Defendants, Gregory J. Stephens and BP America Inc., are represented by:

Salvador J. Pusateri
Gavin H. Guillot
Diemminh Peters
Pusateri, Barrios, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com

c) Defendant, Ace American Insurance Company, is represented by its claims associate (no counsel of record has appeared yet):

Mr. Steven Chasey
10 Exchange Pl
Jersey City, NJ  07302
Telephone: 201-356-5282
Facsimile: 866-635-5687
Steven.Chasey@acegroup.com

d) Defendant, Allstate Insurance Company, is represented by:

Mr. David Henry Kennedy
3900 N Causeway Blvd Ste 405
The Law Offices of Harold G Toscano
Metairie, LA 70002
Telephone: 504-219-8679
Facsimile: 504-219-8702
david.kennedy@allstate.com

e) The case is being removed from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, which is located at:

32nd Judicial District Court
P.O. Box 1569
Houma, Louisiana 70361-1569

See List of Attorneys and Parties in State Court Action, attached as Exhibit "C."

21.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of BP America Inc. certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-

grounded in fact and is warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, and that it is not interposed for any improper purpose.

WHEREFORE, BP America Inc. removes this action to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*/s/ Gavin H. Guillot*
Salvador J. Pusateri, T.A. (LA Bar #21036)
Gavin H. Guillot (LA Bar #31760)
Diemminh Peters (LA Bar #35466)
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM**, **LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com
Diemminh.Peters@pbgglaw.com
Attorneys for BP America Inc. and Gregory J. Stephens

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of May, 2015, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.


      */s/    Gavin H. Guillot*